UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD BRUMMETT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:15-cv-01801-LJM-DKL |

## ORDER

Petitioner Ronald Brummett ("Petitioner") and the United States of America (the "Government") have filed a stipulation regarding his motion for relief from the judgment in Petitioner's criminal matter, 1:05-cr-00183-LJM-MJD-1, pursuant to 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

Petitioner was convicted as a felon in possession under 18 U.S.C. § 922(g). At the time of sentencing, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 180 months to be followed by a five year term of supervised release; a Judgment and Conviction was entered to that effect on May 1, 2006. The three predicate felonies giving rise to Petitioner's status under the ACCA were: (1) & (2) two burglaries in Pinellas County, Florida; and (3) aggravated assault in Pinellas County, Florida.

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA unconstitutional. *Johnson*, 135 S. Ct. 2551. Subsequently, the U.S. Supreme

Court Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court had categorically made retroactive. *Welch*, 136 S. Ct. at 1257.

By stipulation of the parties, Petitioner's burglary convictions relied upon the ACCA residual clause for classification as a violent felony; therefore, Petitioner and the Government further "stipulate that a sufficient number of prior convictions which would account for ACCA status do not exist." Dkt. No. 30, ¶ 4. Moreover, based on the underlying facts of the case and this analysis, the parties agree that the sentence imposed in this case as unconstitutional in that it exceeded the otherwise applicable statutory maximum penalty under 18 U.S.C. § 922(g)(1) of 10 years of incarceration and 3 years of supervised release. Dkt. No. 30, ¶ 5. Petitioner has served in excess of the maximum sentence allowable. Dkt. No. 30, ¶¶ 5-6. Therefore, the parties have stipulated that a sentence of time served and a 3-year term of supervised release is sufficient, but not greater than necessary. Dkt. No. 30, ¶ 7.

The Court agrees that Petitioner's previous sentence was unconstitutional and that a reduction is necessary pursuant to *Johnson* and *Welch*. The Court concludes that the parties' stipulation is fair and just under the law and hereby **GRANTS** Petitioner's Motion pursuant to 28 U.S.C. § 2255. Petitioner shall be sentenced to time served to be followed by a 3-year term of supervised release. A Judgment and Commitment in the associate criminal matter shall be forthcoming. Judgment consistent with this Order shall issue in this matter.

**This Order shall also be entered on the docket in the underlying criminal action,** *United States v. Brummett***, Cause No. 1:05-cr-00183-LJM-DKL-1.**

IT IS SO ORDERED this 23d day of March, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

Brian Lee Reitz
OFFICE OF THE U.S. ATTORNEY
bob.wood@usdog.gov

James Robert Wood
OFFICE OF THE U.S. ATTORNEY
bob.wood@usdoj.gov

USPO

USMS